1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    GUILLLERMO TRUJILLO CRUZ, | Case No.  1:20-cv-01038-NONE-BAM (PC) |
| 12        Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| 13      v. | RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| 14    SANTORO, *et al.*, | (ECF No. 7) |
| 15        Defendants. | **FOURTEEN (14) DAY DEADLINE** |
| 16 | |

17        Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this

18  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on July 27, 2020.

19  (ECF No. 1.)  Plaintiff filed a motion to proceed *in forma pauperis* together with a certified copy

20  of his inmate trust account statement on August 14, 2020.  (ECF No. 7.)

21        Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a

22  prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

23  occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

24  the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

25  a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

26  physical injury."[1]

27

---

[1]        The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on

28

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  Plaintiff sues Defendants Santoro, Pettit, and Magallanes, alleging that these defendants exposed Plaintiff to harm at the hands of "other anonymous resources" by circulating rumors at North Kern State Prison that Plaintiff is a snitch and showing the complaint letter that Plaintiff allegedly wrote about misconduct of other correctional officers.  (ECF No. 1.) Plaintiff alleges that he was later attacked on June 27, 2019, while still housed at North Kern State Prison, suffering various injuries to his left ear and front and back left shoulder.  Plaintiff was later transferred to Pelican Bay State Prison, where Plaintiff alleges other correctional officers (who are not named as defendants in this action) arranged for him to be attacked under their orders.  Although Plaintiff has since been transferred back to North Kern State Prison, at the time the complaint was filed, Plaintiff was housed at Pelican Bay State Prison.  (Id. at 1, 5.)

Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because at that time he was not housed at the institution where the violations allegedly occurred.  To the extent Plaintiff alleges that at the time the complaint was filed, he faced an imminent danger of serious physical injury at Pelican Bay State Prison, Plaintiff has not alleged that this danger is "fairly traceable" to the unlawful conduct asserted in the complaint.  See Pettus v. Morgenthau, 554 F.3d 293, 297–98 (2d Cir. 2009) (outlining "nexus" test).[3]

///

---

January 6, 2016 for failure to state a claim), aff'd, Case No. 16-15101 (9th Cir. December 15, 2017); and (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017).

The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] Although the Ninth Circuit has not directly addressed this question, numerous other district courts have found that Pettus provides the controlling standard.  See McClellan v. Kern Cty. Sheriff's Office, No. 1:10-CV-0386, 2015 WL 5732077, at *1; Chappell v. Fleming, No. 2:12-CV-0234, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013), findings and recommendations adopted by No. 2:12-CV-0234, 2013 WL 3872794 (E.D. Cal. July 25, 2013); Williams v. Brennan, No. 2:12-CV-2155, 2013 WL 394871, at *1–2 (E.D. Cal. Jan. 30, 2013), findings and recommendations adopted by No. 2:12-CV-2155, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013); Johnson v. Sonoma Cty. Main Adult Det. Facility, No. 14-CV-05397, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015).

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, it is HEREBY RECOMMENDED that:

1.  The motion to proceed *in forma pauperis*, (ECF No. 7), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2.  Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 17, 2020**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE